IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANIKA ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:15-cv-01270-JEO |
| | ) |
| BELLSOUTH TELECOMMUNICATIONS, LLC, | ) |
| d/b/a AT&T SOUTHEAST, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

In this action Plaintiff Anika Allen, who is acting *pro se*, claims that her former employer, Defendant BellSouth Telecommunications, LLC d/b/a AT&T Southeast ("BellSouth"), violated her rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (Doc. 1). The parties have consented to an exercise of plenary jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 12). Now before the court is BellSouth's motion to dismiss this action as a sanction under FED. R. CIV. P. 37. (Doc. 20). The court finds that the motion is due to be granted.

On January 14, 2015, BellSouth moved to compel discovery, alleging that Allen had failed to serve responses to BellSouth's interrogatories and requests for production. (Doc. 16). The court entered an order requiring Allen to show cause in writing why the motion to compel should not be granted or, in lieu of such filing, to serve the discovery responses sought by BellSouth and notify the court that she had done so, by February 1, 2016. (Doc. 17). That date came and went without Allen filing anything in this court. Allen did not provide BellSouth with any discovery responses either, for BellSouth filed a motion on February 2, 2016, asking the

court to dismiss the action as a sanction under Rule 37. (Doc. 18). The court denied that motion on the ground that the court had previously only ordered Allen to show cause why BellSouth's motion to compel was not due to be granted, so a dismissal of the action for failure to provide discovery responses would be premature. (Doc. 19). However, the court's order further granted BellSouth's motion to compel discovery and required her to serve her discovery responses by February 14, 2016. (*Id.*) Finally, the court advised that, if Allen were to fail to comply with the court's order to compel, BellSouth might file a renewed motion for sanctions and that Allen's claims might be dismissed with prejudice as a result. (*Id.*) BellSouth is now back, again asking for dismissal as a sanction under Rule 37 because Allen failed to serve any discovery responses within the deadline set by the court's prior order. (Doc. 20).

FED. R. CIV. P. 37(a) authorizes a court, upon motion, to issue an order compelling a party to provide responses to discovery requests, including to answer interrogatories under FED. R. CIV. P. 33 and to produce documents under FED. R. CIV. P. 34. If a party fails to obey an order to provide discovery, including an order under Rule 37(a), the court may issue further "just orders," which may include an order "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal under Rule 37(b)(2) is an extreme sanction but is within the district court's discretion "where a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and the district court specifically finds that lesser sanctions would not suffice." *Pippen v. Georgia-Pacific Gypsum, LLC*, 408 F. App'x 299, 303 (11th Cir. 2011) (quoting *Betty K. Agencies Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005)).

Here, Allen has engaged in a clear pattern of contumacious conduct. She originally filed

the action, was granted leave to proceed *in forma pauperis*, and then participated by phone in a Rule 26(f) scheduling conference on November 16, 2015. (*See* Doc. 14). But since then, she has wholly failed to participate in the action. She initially failed to serve her responses to valid discovery requests, failed to communicate with defendant's counsel, and failed to respond to the court's show cause order or otherwise offer any excuse for her failure to comply with her discovery obligations. She has now failed to comply with the court's order compelling discovery. Despite reminders by the court that her *pro se* status does not excuse her from compliance with court rules and orders (Docs. 17) and an explicit warning that her action might be subject to dismissal if she continued to ignore her obligations as a litigant (Doc. 19), she has continued on that course without offering any excuse or explanation. Because the court further finds that a lesser sanction would not suffice, BellSouth's motion for a dismissal with prejudice as a Rule 37(b) sanction is due to be **GRANTED**. A separate final order will be entered.

**DONE** this 18th day of February, 2016.

_John E. Ott_
**JOHN E. OTT**
Chief United States Magistrate Judge